**SUNSHINE STAFF LEASING, INC., a Florida Corporation, Appellant,**

v.

**EARTHMOVERS, INC., a Florida Corporation, and United States of America, Appellees.**

No. 96–233–CIV–OC–10.

United States District Court, M.D. Florida, Ocala Division.

Aug. 27, 1999.

---

Charles R. Wilson, U.S. Attorney's Office, Tampa, FL, Bruce T. Russell, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S.

Ross B. Ward, Jr., Law Office of Ross B. Ward, Jr., Clearwater, FL, for Sunshine Staff Leasing, Inc.

## ORDER DISMISSING APPEAL AS MOOT

HODGES, District Judge.

This is an appeal from a declaratory judgment entered by the Bankruptcy court in and adversary proceeding commenced by the Debtor, Earthmovers, Inc. *See In re Earthmovers, Inc.*, 199 B.R. 62 (M.D.Fla.Bankr.1996). I have concluded that the subject matter of the appeal is moot, and that the judgment appealed from should simply be vacated and the appeal dismissed as moot.

After commencement of the Chapter 11 proceedings in the Bankruptcy court, the Debtor, Earthmovers Inc., entered into an employee leasing agreement with Sunshine Staff Leasing, Inc. Under that agreement, the Debtor leased all of its employees from Sunshine, and Sunshine retained all payroll obligations including the withholding of federal taxes due to be remitted to the IRS. During the administration of the bankruptcy estate, however, the IRS made a demand upon Earthmovers, the Debtor, for what the IRS claimed to be unpaid withholding taxes due to it on the accounts of the Earthmover's employees. Earthmovers then filed a complaint against the United States and Sunshine seeking a declaratory decree determining the rights and obligations of the parties in relation to the withholding taxes at issue. Earthmovers also sought judgment against Sunshine under the contract should it be determined that there was any outstanding liability to the IRS for unpaid withholding taxes.

After conducting an evidentiary hearing the Bankruptcy Judge determined as a fact that all withholding taxes due to the IRS with respect to the accounts of the subject employees had been paid by Sunshine and that there was no outstanding liability for any unpaid taxes by either Earthmovers or Sunshine. *See* 199 B.R. at 64. Neither the IRS or any other party has ever quarreled with, or sought review of, that finding, and Sunshine has never disputed its continuing obligation under its contract and/or under the governing statutes (26 U.S.C. §§ 3401(d)(1) and 3402(a)(1)) to withhold and remit the taxes coming due in the future.

That might well have been the end of the matter except for the fact that the IRS, apparently, pressed the Bankruptcy Court for a determination that Earthmovers was the entity liable for federal payroll taxes.[1]

Accordingly, the Bankruptcy Judge proceeded to resolve that issue and ultimately determined in the judgment that both Earthmovers and Sunshine were "employers" under 26 U.S.C. § 3401(d)(1) so that both could be held liable for federal payroll taxes. Interestingly, the parties one would suppose to be potentially aggrieved by that ruling—Earthmovers and/or the IRS—have not prosecuted an appeal. Rather, only Sunshine, who has never denied liability, brings the case here. There is serious doubt, therefore, as to whether Sunshine has standing, i.e., whether Sunshine is an aggrieved party. But it is not necessary to decide that issue either be-

---

1. It is doubtful at that point of the litigation that a "case or controversy" continued to exist so as to justify the exercise of jurisdiction to enter a declaratory decree. It is unnecessary to decide the case or that issue, however because subsequent events make it abundantly clear that if there was any case or controversy to be resolved by the declaratory decree, it has since become moot.

cause, in the meantime, the administration of the Chapter 11 proceeding in the Bankruptcy Court has been completed and a final decree has been entered closing the case. The subject matter of the declaratory decree, addressing the liability of the Debtor as an "employer," is therefore moot. It follows that the declaratory decree and final judgment appealed from should be and is hereby VACATED and this Appeal is DISMISSED as MOOT.

IT IS SO ORDERED.

